```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EASTERN MATERIALS CORPORATION
and ISLAND EXTERIOR FABRICATORS,
LLC,
                        Plaintiffs,                              MEMORANDUM OF
                                                                 DECISION & ORDER
            -against-                                            2:17-cv-01034 (ADS)(AYS)

MITSUBISHI PLASTICS COMPOSITES
AMERICA, INC.
                        Defendant.
----------------------------------------------------------X
```
FILED
CLERK
11:40 am, Sep 19, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

**Lewis Johs Avallone Aviles LLP**
*Attorneys for the Plaintiffs*
One CA Plaza, Suite 225
Islandia, NY 11749
      By:    Bryan F. Lewis, Esq.,
              Tara M. Darling, Esq., Of Counsel

**White & Case LLP**
*Attorneys for the Defendant*
1221 Avenue of the Americas
New York, NY 10020
      By:    Joshua A. Berman, Esq.,
              Brendan Woodward, Esq.,
              Susan L. Grace, Esq., Of Counsel

**SPATT, District Judge**:

        The Plaintiffs Eastern Materials Corporation ("Eastern"), and Island Exterior Fabricators, LLC ("Island") (together, the "Plaintiffs") commenced this action against the Defendant, Mitsubishi Plastics Composites America, Inc. (the "Defendant" or "Mitsubishi") for monies allegedly owed for materials supplied for a construction project in New York City.

        Presently before the Court is a motion by the Defendant, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6) to dismiss the Plaintiffs' claims for breach of

contract and breach of warranty. The Plaintiffs previously agreed to withdraw their negligence claim. For the following reasons, the Defendant's motion to dismiss is granted with respect to the Plaintiffs' breach of contract and breach of express warranty claims. Those claims are dismissed without prejudice, and the Plaintiffs are granted leave to file an Amended Complaint, as set forth below.

## I. BACKGROUND

### A. The Factual Background

The following facts are drawn from the Plaintiffs' complaint, and for the purposes of the instant motion, are accepted as true.

#### 1. The Parties

Eastern is a corporation, which supplies building materials for construction companies. Island is a fabrication limited liability company, which produces facades for buildings and other projects. Both are based in Calverton, New York.

Mitsubishi is a foreign corporation, which provides engineering, design, and architectural products and services. This includes the manufacture and distribution of ALPOLIC® panels, a composite exterior panel for construction projects. Mitsubishi is incorporated in the state of Delaware.

#### 2. The Subcontracting Agreement

In 2015, Island was engaged as a subcontractor for the Essex Crossing, a 1.65 million square foot construction project in Manhattan, located at 115 Delancey Street, New York, New York (the "Project"). The Project called for mixed-use development with housing for low and middle-income individuals, as well as space for retail, entertainment, and offices.

At the same time, Island entered into a subcontractor agreement with the Essex Crossing construction manager, T.G. Nickel & Associates, LLC ("Nickel"), and agreed to provide the materials, equipment and labor for the Project's facade. As part of the subcontractor agreement with Nickel, Island retained Eastern to obtain estimates for ALPOLIC® or aluminum composite material panels ("Panels") for the Project.

On November 11, 2015, the Defendant submitted a quote for 170,000 square feet of Panels to Eastern.

On November 12, 2015, the Project's architect, Handel Architects LLP ("Architect") "expressed . . . approval" of the Panels to Island, who in turn communicated the Architect's "approval" to the Defendant.

On November 19, 2015, Eastern ordered Panels from the Defendant using a purchase order, for use in a "visual mock up" of the Project (the "November 2015 Panels"). The "visual mock up" was subsequently built and approved by the Architect using the Panels purchased from the Defendant.

On June 1, 2016, Eastern ordered 3,371 Panels from the Defendant using a purchase order, for use in the Project ("June 2016 Panels"). The Defendant agreed to deliver the June 2016 Panels in batches to Island in Calverton, New York, between June 6, 2016 and November 1, 2016, to correspond to the timetable agreed to under the subcontractor agreement. Eastern agreed to a purchase price of $575,986.58.

In July 2016, the Defendant began delivering the June 2016 Panels to Island in Calverton, New York. The June 2016 Panels were coated with a "protective film" to protect them from damage. Island did not remove the protective film from the June 2016 Panels when they were delivered to its facility.

On September 28, 2016, Island removed the protective film and noticed what it described as "inconsistencies, streaking, and other deficiencies." After comparing the June 2016 Panels to both the sample Panels provided by the Defendant and the November 2015 Panels, Island noticed that the June 2016 Panels were "nonconforming, defective, and of inconsistent kind and quality." Complaint ¶ 27.

On September 29, 2016, the Plaintiffs first notified the Defendant of those concerns with the June 2016 Panels.

On October 4, 2016, the Defendant visited Island and inspected the June 2016 Panels. The Defendant denied that the June 2016 Panels contained any material defect.

On October 11, 2016, the Plaintiffs informed the Defendant that other Project stakeholders were rejecting the June 2016 Panels, including the Architect, the owner, the owner's consultant and Nickel. In the Plaintiffs' letter to the Defendant, Island demanded that the Defendant replace all the defective June 2016 Panels.

On October 12, 2016, the Defendant rejected Island's demand.

On October 14, 2016 and October 17, 2016, other Project stakeholders, including owners and their consultant, the Architect and Nickel, also inspected the June 2016 Panels. The stakeholders also noted the same deficiencies in the June 2016 Panels. The Defendant did not participate in either inspection.

The Plaintiffs allege that as a result of the Defendant's actions, Island was unable to fulfill its contractual obligations under the subcontract agreement with Nickel.

**B. The Relevant Procedural History**

On January 27, 2017, the Plaintiffs commenced this action by filing the complaint in the Supreme Court of the State of New York, Suffolk County. The complaint set forth three causes of action: breach of contract, negligence and breach of warranty.

On February 23, 2017, the Defendant filed a Notice of Removal, seeking to remove the action to this Court.

On March 20, 2017, the Defendant filed the instant motion to dismiss all of the Plaintiffs' claims pursuant to Rule 12(b)(6). In the Plaintiffs' opposition memorandum, the Plaintiffs agreed to withdraw their negligence claim.

Based on these allegations, the Plaintiffs alleged causes of actions sounding in: (1) breach of contract, and (2) breach of warranty. By this action, the Plaintiffs seek monetary damages under the contracts and warranties, together with interest, costs, expenses and attorneys' fees.

The Defendant alleges in its briefing that the Plaintiffs agreed to the Defendant's Terms and Conditions of Sale ("Terms and Conditions"), which consisted of, according to the Defendant, Mitsubishi's standard contractual provisions. However, the Plaintiffs did not refer to this in their complaint. Memorandum of Law in Support of Defendant's Motion to Dismiss at 4. In this regard, the Plaintiffs dispute that the Terms and Conditions were part of the contract. The Defendant argues that the Terms and Conditions preclude the Plaintiffs' claims.

## II. DISCUSSION

**A. Standard of Review**

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See, e.g.*, *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw*

5

*Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Electric, Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free School Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the *Twombly* standard, the Court may only dismiss a complaint if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has expounded that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to survive a motion to dismiss. FED. R. CIV. P. 8(a)(2). Under Rule 8, a complaint is not required to allege "detailed factual allegations." *Kendall v. Caliber Home Loans, Inc.*, 198 F. Supp. 3d 168, 170 (E.D.N.Y. 2016) (quoting *Twombly*, 550 U.S. at 555). "In ruling on a motion pursuant to FED. R. CIV. P. 12(b)(6), the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). The Court "[is] not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

**B. Diversity Jurisdiction & Choice of Law**

Before reaching the merits of this motion, the Court must determine which state's law governs. The Defendant argues that the breach of contract and breach of warranty claims are governed by Virginia law. The Court disagrees and finds that New York law properly governs the instant motion.

The Court exercises jurisdiction over this matter pursuant to its diversity jurisdiction under 28 U.S. § 1332. A district court sitting in diversity must apply the choice of law rules of the forum state. *Tri-State Employment Servs., Inc. v. Mountbatten Sur. Co., Inc.*, 295 F.3d 256, 260 (2d. Cir. 2002) (citing *Klaxon Co. v. Stentor Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941)). Accordingly, in this case, the Court will apply New York choice of law rules.

Under New York law, the first step in a choice of law analysis is to establish whether there is an actual conflict between the laws of the jurisdictions involved. *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 433 (2d Cir. 2012) (citing *In re Allstate Ins. Co.*, 81 N.Y.2d 219, 223, 597 N.Y.S.2d 904, 905, 613 N.E.2d 936, 937 (1993)). While the Defendant argues that the Terms and Conditions constitutes an express choice-of-law provision that mandates this Court to apply Virginia law, for reasons discussed below, this Court will not consider the Terms and Conditions for purposes of deciding this motion, see Section II.C. Regardless, the Defendant has not demonstrated that any conflict exists between New York and Virginia law. "If the party advocating a choice of law analysis fails to demonstrate an actual conflict between New York and another state's laws, no choice of law analysis need be undertaken." *Park Place Entm't corp. v. Transcontinental Ins. Co.*, 225 F. Supp. 2d 406, 408-09 (S.D.N.Y. 2002) (citing *Bass v. World Wrestling Fed'n Entm't, Inc.*, 129 F. Supp. 2d 491, 504

(E.D.N.Y. 2001)). Accordingly, no choice of law analysis is required and this Court will apply New York law in the resolution of the instant motion.

### C. Evidence Outside the Pleading

Before turning to the substantive issues, the Court notes that the Defendant submitted documentary evidence, namely, a copy of the Terms and Conditions, in support of its motion to dismiss. The Defendant acknowledges that the Plaintiffs did not include the Terms and Conditions in the complaint, *see* Memorandum of Law in Support of Defendant's Motion to Dismiss at 4.

The Terms and Conditions, which the Defendant contends is an element of the parties' contract for the purchase of the June 2016 Panels contains numerous potentially relevant provisions. It explicitly states, "all claims for alleged defects or shortfalls in Products are waived unless [the Defendant] is notified of the claim within five (5) days after receipt of shipment." Memorandum of Law in Support of Defendant's Motion to Dismiss at 7. The Defendant argues that this would preclude the Plaintiffs' ability to bring this lawsuit, given the Plaintiffs' roughly two month delay in alerting the Defendant to the alleged deficiencies in the June 2016 Panels. Further, the Defendant argues that a clause in the Terms and Conditions contains an express disclaimer of consequential damages, which would foreclose the Plaintiffs' ability to seek such damages in this suit.

"[F]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion." *Giugliano v. F3² Capital Partners, LLC,* No. 14-cv-7240, 2015 WL 5124796 (E.D.N.Y. Sept. 1, 2015) (Spatt, J.) (citation and quotation marks omitted). In adjudicating this motion, the Court is permitted to consider:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in [the]

defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Environmental Servs. v. Recycle Green Servs.*, 7 F. Supp. 3d 260, 270 (E.D.N.Y. 2014) (Spatt, J.) (quoting *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003), *aff'd in part and vacated in part on other grounds sub nom. Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71, 126 S. Ct. 1503, 164 L. Ed. 2d 179 (2006)); *accord Oberstein v. SunPower Corp.*, No. 07-cv-1155, 2010 WL 1705868, at *3 (E.D.N.Y. April 28, 2010) (same); *Healthnow New York, Inc. v. Catholic Health Sys., Inc.*, No. 14-cv-986S, 2015 WL 5673123 (W.D.N.Y. Sept. 25, 2015) (same).

There is no dispute that the Terms and Conditions do not consist of either (a) public disclosure documents, or (b) facts to which judicial notice applies. Further, as the Defendant acknowledges, "[the] Plaintiffs did not plead it explicitly." Memorandum of Law in Support of Defendant's Motion to Dismiss at 4. The Plaintiffs did not attach it to the complaint nor did they incorporate it by reference into the complaint.

The Defendant alleges that although the Plaintiffs omitted the Terms and Conditions from the complaint, it nevertheless governed the sale of the June 2016 Panels, and, thus, the Terms and Conditions constituted part of the binding contract between the Defendant and the Plaintiffs. For the court to consider the Terms and Conditions, it must be either, (a) integral to the complaint and relied upon in the complaint; or (b) contained in the Defendant's motion papers if the Plaintiffs' have knowledge or possession of the material and relied on in framing the complaint. *See Environmental Servs.*, 7 F. Supp. 3d at 270. The Plaintiffs allege no facts in the complaint that indicate that they agreed to the Terms and Conditions; they dispute that the Terms and Conditions

formed a basis for the contract-at-issue. Moreover, regardless of whether or not the Plaintiffs were aware of the Terms and Conditions, the Plaintiffs do not rely on it or its terms for any allegation in the complaint.

If a matter that was presented in response to a Rule 12(b)(6) motion is found to be outside the pleadings, the Court may either exclude the additional material or convert the motion to a summary judgment motion under FED. R. CIV. P. 56, and provide both parties the chance to present additional support. *Fonte v. Bd. Of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988). This Court finds that the Terms and Conditions submitted by the Defendant may not be considered by the Court at the motion to dismiss phase. *See Oberstein*, 2010 WL 1705868, at *7 (refusing to consider terms and conditions at motion to dismiss stage "because it is unclear, from the face of the Amended Complaint, that plaintiff agreed to these terms"). Furthermore, the Court declines to convert the Defendant's motion into one for summary judgment.

Accordingly, the Court will not consider the Terms and Conditions in the instant motion.

**D. Breach of Contract Claim**

The Defendant alternatively argues that the Plaintiffs' complaint fails to state a plausible claim based on breach of contract. In particular, the Defendant asserts that (a) the Complaint does not sufficiently identify the alleged contract or its terms; and (b) the Complaint fails to properly plead cognizable damages.

Under New York law, to assert a breach of contract claim, a plaintiff must establish "(1) the existence of a contract; (2) that the plaintiff has performed his or her obligations under the contract; (3) that the defendant failed to perform his or her obligations thereunder; and (4) the plaintiff was thereby damaged." *Brooklyn 13th Street Holding Corp. v. Nextel of New York, Inc.*, 11-cv-1048, 2011 WL 6945862, at *3 (E.D.N.Y. Dec. 30, 2011) (citing *Crowley v. VisionMaker*,

*LLC*, 512 F.2d 144, 151 (E.D.N.Y. 2007)); *accord Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011); *Palmetto Partners, L.P. v. AJW Qualified Partners, LLC*, 83 A.D.3d 804, 806, 921 N.Y.S.2d 260, 264 (2d Dept. 2011).

### 1. The Identification of the Contract

The Defendant alleges that the Complaint failed to identify any provision of a contract that the Defendant potentially violated. For the reasons stated below, the Court finds that the Plaintiffs have not established the existence of a contract, and as such, fail to properly state a claim for breach of contract.

The Plaintiffs' complaint does include vague references to multiple agreements, as there are hundreds of pages of agreements attached to the complaint. However, in the complaint there is no specific connection between any of the hundreds of pages of contracts and the Plaintiffs' allegations against the Defendant. Without sufficiently stating what agreement existed between the Plaintiffs and the Defendant and which contractual provisions were breached, the complaint fails to adequately plead a claim for breach of contract. *See, e.g.*, *Silverman v. Household Finance Realty Corp. of New York*, 979 F. Supp. 2d 313, 319 (E.D.N.Y. 2013) ("To survive a motion to dismiss, a plaintiff must specifically allege the agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached."); *McGee v. State farm Mut. Auto. Ins. Co.*. No. 09-cv-3579, 2011 WL 5409393, at *8 (E.D.N.Y. Nov. 8, 2011) ("[The plaintiff] fails to tie any of the allegations to a specific provision of any agreement between [the defendant and the plaintiff]. For this reason, [the plaintiff's] allegations are insufficient to state a claim for breach of contract, and the claim is therefore dismissed."). Here, the Plaintiffs failed to properly specify what the agreement between the Plaintiffs and the Defendant consisted of and which

provisions of any such agreement were violated. As such, the Court finds that the Plaintiffs failed to sufficiently state a claim for breach of contract.

### 2. Consequential Damages

The Defendant further argues that the Plaintiffs' consequential damages claim under its breach of contract claim is deficient because the pleading is conclusory. In opposition, the Plaintiffs contend that they sufficiently pled that the Defendant's breach caused foreseeable damage, including "lost operational expenses due to underutilization of plant and operational capacities; extended project specific overhead expenses; costs associated with repeated production stops and re-starts and including; labor, equipment, and safety coordination costs and other expenses resulting from out of sequence work and demobilization and remobilization; engineering and labor replacement costs; material costs; project schedule recovery and damage mitigation costs." Complaint at ¶ 43. For the reasons stated below, the Court finds that the Plaintiffs' pleading is conclusory.

In a breach of contract action, the plaintiff may seek two types of damages: (a) general damages to compensate the plaintiff based on the value of what performance was promised in the contract; and (b) consequential damages, which provide additional compensation. *Lorena Intern. N. Am., Inc. v. Vican Trading*, No. 08-cv-2686, 2009 WL 1940428, at *3 (E.D.N.Y. July 2, 2009) (citing *Schonfeld v. Hillard*, 218 F.3d 164, 175 (2d Cir. 2000)). Under New York law, a claim of consequential damages must prove (1) the damages were foreseeable; (2) both parties contemplated such damages when the contract was made; and (3) such damages can be quantified with reasonable certainty. *Id.* (citing *Tractebel Energy Mktg. v. AEP Power Mktg.*, 487 F.3d 89, 111 (2d Cir. 2007) (internal citations omitted)).

"In order to determine what damages are reasonably contemplated by the parties, 'the nature, purpose and particular circumstances of the contract known by the parties should be considered . . . as well as what liability the defendant fairly may be supposed to have assumed consciously, or to have warranted the plaintiff reasonably to suppose that it assumed, when the contract was made.'" *Lava Trading Inc. v. Hartford Fire Ins. Co.*, 326 F. Supp. 2d 434, 440 (S.D.N.Y. 2004) (quoting *Kenford Co. v. County of Erie*, 73 N.Y.2d 312, 540 N.Y.S.2d 1, 537 N.E.2d 176 (N.Y. 1989)). Without an express contractual provision that addresses consequential damages, "the commonsense rule to apply is to consider what the parties would have concluded had they considered the subject." *Id*. (citing *Kenford*, 73 N.Y.2d at 319, 540 N.Y.S.2d 1, 537 N.E.2d 176).

In the instant case, neither party has pointed out a specific contractual provision that addresses or purports to address consequential damages. The question, therefore, is whether the Plaintiffs and the Defendant understood at the time the contract was executed, that the Defendant was legally responsible for consequential damages in the event of a breach. *See id*. The complaint, in its current form, fails to allege that the parties contemplated the damages the Plaintiffs suffered at the time the contract was signed, or any other time, for that matter. The Plaintiffs point to an extensive list of the types of damages they claim to have suffered as a result of the Defendant's purported breach. However, there is no factual basis for the Court to conclude that either party was aware that the other would be responsible for any of the listed damages in the event of a breach. *See id*. ("[U]nless a plaintiff alleges that the specific injury was of a type contemplated by the parties at the time of contracting, a claim for consequential damages should be dismissed." (internal citations and quotations omitted)); *see also Universidad De Las Californias, S.C. v. Mayfair Advisors, Ltd.*, 06-cv-5859, 2007 WL 2591228, at *2 (S.D.N.Y. Sept. 7, 2007)

("[C]onsequential damages are recoverable if the defendant knows or has reason to know the special circumstances which will give rise to such damages." (quoting *Compania Anonima Venezolana de Navegacion v. American Express*, 1985 WL 1898, at *3 (S.D.N.Y. July 12, 1985))). In the Court's view, the Plaintiffs have not sufficiently pled sufficient facts to support the recovery of consequential damages.

The Defendant further alleges that the Plaintiffs' complaint fails to adequately "plead [any] facts concerning any actual attempt to 'cover' or otherwise limit their claimed damages." Memorandum of Law in Support of Defendant's Motion to Dismiss at 14.

"Under New York law, in a breach of contract action, the non-breaching party is under a duty to mitigate damages to the extent practicable." *Washington v. Kellwood Co.*, 05-cv-10034, 2015 WL 6437456, at *17 (S.D.N.Y. Oct. 14, 2015) (citing *Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.p.A.*, 2009 WL 3757054, at *4 (E.D.N.Y. Nov. 9, 2009)).  However, whether or not the Plaintiffs sufficiently mitigated any potential damages is a question of fact and inappropriate to resolve at the motion to dismiss stage. *See Robin Bay Associates, LLC v. Merrill Lynch & Co.*, 07-cv-376, 2008 WL 2275902, at *8 (S.D.N.Y. June 3, 2008) ("Whether a party puts forth sufficient effort to mitigate damages is a question of fact and typically resolved during trial.") (internal citations omitted); *see also Washington*, 2015 WL 6437456, at *17 ("[D]efendant's belief that, '[a]t trial, [the defendant]' is entitled 'to explore whether [the] Plaintiffs made any efforts to mitigate their damage, the extent to which any efforts were reasonable, and the extent to which [the] Plaintiffs caused their own alleged damages.' … [The Court] agree[s] and therefore [the Court] den[ies] [the] plaintiffs' motion on this affirmative defense."). The Court therefore, will not address the Plaintiffs' mitigation of argument at this early stage.

Therefore, the Court finds that the complaint fails to adequately plead a claim for consequential damages. Accordingly, the Court grants the Defendant's motion to dismiss the Plaintiffs' breach of contract claim pursuant to Rule 12(b)(6).

### E. Breach of Express Warranty Claim

The Defendant also contends that the Plaintiffs' complaint fails to state a plausible claim based on breach of express warranty. In particular, the Defendant asserts that the complaint does not sufficiently identify the express warranty that was allegedly breached.

"An express warranty is an 'affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain.'" *Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 286 (E.D.N.Y. 2009) (quoting N.Y. U.C.C. § 2-313(1)(a)). A claim for breach of an express warranty under New York law alleges "(1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach." *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp. 3d 467, 482 (S.D.N.Y. 2014) (internal citations omitted).

In their complaint, the Plaintiffs broadly allege that the Defendant breached "its 30 year finish/coating warranty." Complaint ¶ 66. It is unclear, based on this vague allegation, what express warranty was allegedly broken. It is basic law that the Plaintiffs are required to "set forth the terms of the warranty upon which [they] relied." *Goldemberg*, 8 F. Supp. 3d at 482 (citing *Parker v. Raymond Corp.*, 87 A.D.3d 1115, 1117, 930 N.Y.S.2d 27 (2d Dep't 2011)); *accord Fagan v. AmerisourceBergen Corp.*, 356 F. Supp. 2d 198, 216 (E.D.N.Y. 2004) ("Express warranty claims should be dismissed absent specific factual references in the complaint to any oral or written warranties."), *remanded on other grounds*, 163 F. App'x 37 (2d Cir. 2006).

Merely stating that the Defendant "[p]rovid[ed] goods, materials, and other work product in breach of its 30 year finish/coating warranty," Complaint ¶ 66, does not provide sufficient notice of the grounds of their claim. *Horowitz*, 613 F. Supp. 2d at 286 ("Without sufficient allegations identifying the conduct at issue, plaintiff has failed to give the defendant notice of the grounds of her claim. Her claim for breach of express warranty must, therefore, be dismissed." (internal citations omitted)).

Without providing allegations as to the existence of an express promise or representation, a cause of action for breach of warranty cannot be maintained. *See Reed v. Pfizer, Inc.*, 839 F. Supp. 2d 571, 578 (E.D.N.Y. 2012) ("A successful claim of breach of express warranty requires proof that an express warranty existed, was breached, and that plaintiff had relied on that warranty."); *see also Cowan v. Costco Wholesale Corp.*, 15-cv-5552, 2017 WL 59080, at *5 (E.D.N.Y. Jan. 5, 2017) ("Such an allegation, which does not describe … how Plaintiff's purchase of the Product was based on seeing that representation, falls woefully short of the pleading requirements for an express warranty claim." (citing *Horowitz*, 613 F. Supp. 2d at 286)). The absence of such allegations indicates that the pleading falls short of Rule 12(b)(6)'s pleading requirements for breach of an express warranty claim.

Accordingly, to the extent the Plaintiffs assert a claim for breach of express warranty against the Defendant, the motion to dismiss that claim is granted without prejudice.

**F. Duplicative Claims**

Finally, the Defendant contends that the Plaintiffs are foreclosed from pleading both breach of contract and breach of warranty claims because the Plaintiffs' breach of warranty claim is based on the same allegations as their breach of contract claim. The Court disagrees. For the reasons

set forth below, the Court will not bar the Plaintiffs from alleging both causes of action at this early stage.

The Court notes that the Plaintiffs' breach of warranty claim does rely on the same facts as their breach of contract claim. Further, both claims appear to request the same remedy, namely $5 million. However, such a finding does not preclude the Plaintiffs from bringing those claims together.

New York law does not prohibit a plaintiff from pursuing alternative theories of liability based on the same allegations. In *Trump Intern. Hotel & Tower v. Carrier Corp.*, the plaintiff alleged both breach of contract and breach of warranty causes of actions based on the same allegations and the defendant argued that the breach of warranty claim should be dismissed for being a duplicative cause of action. In that case, Judge Scheindlin ruled that, "although [the plaintiff] cannot recover twice from the same injuries, New York law entitled a plaintiff to assert alternative theories of liability. Accordingly, [the plaintiff] is not required to elect one theory of liability over the other." 524 F. Supp. 2d 302, 313 (S.D.N.Y. 2007); *accord U.S. Network Servs., Inc. v. Frontier Commc'ns of the West, Inc.*, 115 F. Supp. 2d 353, 358 (W.D.N.Y. 2000) (refusing to dismiss a breach of warranty claim that was duplicative of a breach of contract claim at the motion to dismiss stage).

## G. Leave to Amend

The Plaintiffs have argued that rather than dismissing the breach of contract claim, the Court should allow them to amend their pleading. According to Rule 15(a), a party may amend a pleading "by leave of court or by written consent of the adverse party . . . [L]eave shall be freely given when justice so requires[.]" FED. R. CIV. P. 15(a). Courts have liberally interpreted this Rule. *See D.C.R. Trucking & Excavation, Inc. v. Aetna Cas. And Sur. Co.*, No. 96-cv-3995, 2002

WL 32096594, at *8 (E.D.N.Y. Oct. 31, 2002). The power to amend a pleading is within the discretion of the District Court. *See Gursky v. Northwestern Mut. Life Ins. Co.*, 139 F.R.D. 279, 281 (E.D.N.Y. 1991) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 222 (1962)); *see also Zahara v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995). According to the Second Circuit, "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. Cty. Of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999), *overruled on other grounds*, *Gonzaga v. Doe*, 536 U.S. 273, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002).

"Amendment should only be denied for good reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Res. Mine, Inc. v. Gravity Microsystem LLC,* 09-cv-573, 2014 U.S. Dist. LEXIS 172278, at *10-*11 (E.D.N.Y. June 27, 2014) (Report and Recommendation) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)), *adopted*, 2014 U.S. Dist. LEXIS 53980 (E.D.N.Y. Dec. 11, 2014).

"The Rule reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated . . . and mere technicalities should not prevent cases from being decided on the merits." *D.C.R. Trucking & Excavation, Inc.*, 2002 WL 32096594, at *8 (quoting *Monahan v. N.Y. City Dep't of Corrections*, 214 F.3d 275, 283 (2d Cir. 2000), *cert denied*, 531 U.S. 1035, 121 S. Ct. 623, 148 L. Ed. 2d 533 (2000)).

Nevertheless, a "bare request to amend a pleading" contained in a brief, which does not also attach the proposed amended pleading, is improper under Rule 15. *See, e.g.*, *Curry v. Campbell*, 06-cv-2841, 2012 WL 1004894, at *7 (E.D.N.Y. Mar. 23, 2012) ("To satisfy the

requirement of particular[it]y in a motion to amend a pleading, the proposed amended pleading must accompany the motion so that both the Court and opposing parties can understand the exact changes sought" (quoting *AT&T Corp. v. Am. Cash Card Corp.*, 184 F.R.D. 515, 521 (S.D.N.Y. 1999))); *see also Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006) ("We agree with several of our sister circuits that a bare request in an opposition to a motion to dismiss— without any indication of the particular grounds on which amendment is sought . . . —does not constitute a motion within the contemplation of Rule 15(a)." (quoting *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993))).

Courts may use their discretion to hold the motion to dismiss in abeyance pending the filing of the proposed pleading or deny the motion to amend without prejudice. *See AT&T Corp.*, 184 F.R.D. at 521.

The Plaintiffs failed to formally move for leave to amend the breach of contract claim or to provide a proposed amended pleading. Instead, in opposition to the Defendant's motion to dismiss, the Plaintiffs argue that the Court should grant them leave to file an amended complaint if it were to find the claims deficient.

Accordingly, the Court finds that the Plaintiffs' bare-bones request to amend the complaint is procedurally improper under Rule 15 and, in its discretion, denies it on that basis without prejudice and with leave to renew. Although the Plaintiffs' request only referred to the breach of contract claim, the Court will allow the Plaintiffs to file a proper motion to amend that includes both the breach of contract and breach of warranty claims.

### III. CONCLUSION

For the reasons stated above, the Defendant's motion to dismiss the Plaintiffs' claims for breach of contract and express warranty pursuant to Rule 12(b)(6) is granted without prejudice.

19

The Court denies without prejudice the Plaintiffs' request for leave to amend as procedurally improper, and grants the Plaintiffs leave to renew their request to file an amended complaint in a manner consistent with FED. R. CIV. P. 15 within thirty days of the date of this decision.

It is **SO ORDERED**:

Dated: Central Islip, New York

September 19, 2017

                                                __/s/ Arthur D. Spatt__

                                                ARTHUR D. SPATT

                                                United States District Judge