UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
EASTERN MATERIALS CORPORATION
and ISLAND EXTERIOR FABRICATORS,
LLC,

     Plaintiffs,

  -against-

MITSUBISHI PLASTICS COMPOSITES
AMERICA, INC.
     Defendant.
---------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:17-cv-01034 (ADS)(AYS)

**APPEARANCES:**

**Lewis Johs Avallone Aviles LLP**
*Attorneys for the Plaintiffs*
One CA Plaza, Suite 225
Islandia, NY 11749
  By: Bryan F. Lewis, Esq.,
    Tara M. Darling, Esq., Of Counsel

**White & Case LLP**
*Attorneys for the Defendant*
1221 Avenue of the Americas
New York, NY 10020
  By: Joshua A. Berman, Esq.,
    Brendan Woodward, Esq.,
    Susan L. Grace, Esq., Of Counsel

**SPATT, District Judge**:

  The Plaintiffs Eastern Materials Corporation ("Eastern"), and Island Exterior Fabricators, LLC ("Island") (together, the "Plaintiffs") commenced this action against the Defendant, Mitsubishi Plastics Composites America, Inc. (the "Defendant" or "Mitsubishi") alleging claims of breach of contract, breach of warranty and negligence regarding materials supplied for a construction project in New York City.

1

Presently before the Court is a motion by the Plaintiffs, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 15 to amend the Plaintiffs' claims for breach of contract and breach of warranty, in accordance with this Court's Memorandum and Order dated September 19, 2017 (the "Order"). For the following reasons, the Plaintiffs' motion to amend is granted with respect to the breach of contract claim and denied with respect to the breach of warranty claim. As such, the Plaintiffs may only proceed with the breach of contract claim against Mitsubishi.

## I. BACKGROUND

### A. The Factual Background

As the Court has already detailed the factual allegations at issue in this motion in its Order, and the parties are familiar with the facts of this case, they will not be repeated here.

### B. The Relevant Procedural History

On January 27, 2017, the Plaintiffs commenced this action by filing the complaint in the Supreme Court of the State of New York, Suffolk County. The complaint set forth three causes of action: breach of contract, negligence and breach of warranty.

On February 23, 2017, the Defendant filed a Notice of Removal, removing the action to this Court.

On March 20, 2017, the Defendant filed a motion to dismiss all of the Plaintiffs' claims pursuant to Rule 12(b)(6). In the Plaintiffs' opposition memorandum, the Plaintiffs agreed to withdraw their negligence claim.

In the Court's Order, dated September 19, 2017, the Court dismissed the Plaintiffs' First Amended Complaint ("FAC") without prejudice, finding both the breach of contract and breach of warranty claim insufficient. Specifically, the Court found that the breach of contract claim "failed to properly specify what the agreement … consisted of and which provisions of any such

agreement were violated." Order at 11-12. Further, the Court concluded that the Plaintiffs' consequential damages claim was conclusory. *Id.* at 12-15. With respect to the breach of warranty claim, the Plaintiffs failed to "provid[e] allegations as to the existence of an express promise or representation." *Id.* at 15-16. The Plaintiffs were granted leave to file a motion to amend the FAC in a manner consistent with FED. R. CIV. P. 15 within thirty days of the Order. *Id.* at 20.

On October 18, 2017, the Plaintiffs filed a motion to amend the FAC. Attached to the motion was a proposed Second Amended Complaint ("SAC"). As this motion was filed within thirty days of the Order, the Court deems it timely. The Plaintiffs claim that the breach of contract claim is addressed by identifying the contract, the terms at issue, and the nature of the breaches. Allegedly, the SAC "specifically pleads that consequential damages were both reasonably foreseeable and specifically contemplated by the parties at the time of contracting." Docket Entry ("DE") 15-1 at 5. The SAC also purportedly includes the warranty, the terms at issue, as well as the nature of the breaches. *See id.* at 4-5. The Defendant maintains that the Plaintiffs fail to correct the deficiencies of the FAC.

## II. DISCUSSION

### A. Standard of Review

FED. R. CIV. P. 15(a), which typically governs a motion to amend a complaint, states, in relevant part, "A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Unless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (per curiam) (stating that leave to amend "should generally be denied in

3

instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."); *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (internal citations omitted); *Hemphill v. Schott*, 141 F.3d 412, 420 (2d Cir. 1998).

The decision on whether to grant a motion to amend rests within the sound discretion of the district court. *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603-04 (2d Cir. 2005); *Hemphill*, 141 F.3d at 420. In deciding whether to grant leave to amend, prejudice to the opposing party is one of the "most important" issues to consider. *AEP Energy Servs. Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (internal quotations omitted).

In considering whether a proposed amendment is futile, the Court must determine whether it could withstand a Rule 12(b)(6) motion to dismiss. *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See, e.g.*, *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of N.Y.*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free Sch. Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the now well-established *Twombly* standard, the Court may only dismiss a complaint if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has expounded that, after *Twombly*, the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals

> of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to survive a motion to dismiss. FED. R. CIV. P. 8(a)(2). Under Rule 8, a complaint is not required to allege "detailed factual allegations." *Kendall v. Caliber Home Loans, Inc.*, 198 F. Supp. 3d 168, 170 (E.D.N.Y. 2016) (quoting *Twombly*, 550 U.S. at 555). "In ruling on a motion pursuant to FED. R. CIV. P. 12(b)(6), the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). The Court "[is] not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## B. Evidence Outside the Pleading

Before turning to the substantive issues, the Court notes that the Plaintiffs submitted extensive documentary evidence in support of its SAC. The Court will consider the attached documents in adjudicating this motion.

"[F]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion." *Giugliano v. F3² Capital Partners, LLC,* No. 14-cv-7240, 2015 WL 5124796 (E.D.N.Y. Sept. 1, 2015) (Spatt, J.) (citation and quotation marks omitted). In adjudicating this motion, the Court is permitted to consider:

5

(1) *facts alleged in the complaint and documents attached to it or incorporated in it by reference*, (2) documents "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in [the] defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Env't Servs. v. Recycle Green Servs.*, 7 F. Supp. 3d 260, 270 (E.D.N.Y. 2014) (Spatt, J.) (emphasis added) (quoting *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003), *aff'd in part and vacated in part on other grounds sub nom. Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71, 126 S. Ct. 1503, 164 L. Ed. 2d 179 (2006)); *accord Oberstein v. SunPower Corp.*, No. 07-cv-1155, 2010 WL 1705868, at *3 (E.D.N.Y. April 28, 2010) (same); *Healthnow New York, Inc. v. Catholic Health Sys., Inc.*, No. 14-cv-986S, 2015 WL 5673123 (W.D.N.Y. Sept. 25, 2015) (same).

There is no dispute that the Plaintiffs attach Exhibits A through P of the Declaration of Bryan F. Lewis to the SAC.

Accordingly, the Court will consider Exhibits A through P in the instant motion.

**C. The Breach of Contract Claim**

The Defendant again contends that the Plaintiffs' SAC fails to state a plausible claim based on breach of contract. In particular, the Defendant asserts that the SAC fails to address two related contractual pleadings: (a) the SAC does not sufficiently identify the alleged contract or its terms; and (b) the SAC fails to properly plead cognizable damages. The Court will first address the breach of contract claim.

To assert a breach of contract claim in New York State, a plaintiff must successfully plead "(1) the existence of a contract; (2) that the plaintiff has performed his or her obligations under the contract; (3) that the defendant failed to perform his or her obligations thereunder; and (4) that

plaintiff was thereby damaged." *Brooklyn 13th Street Holding Corp. v. Nextel of New York, Inc.*, No. 11-cv-1048, 2011 WL 6945862, at *3 (E.D.N.Y. Dec. 30, 2011) (citing *Crowley v. VisionMaker, LLC*, 512 F. Supp. 2d 144, 151 (S.D.N.Y. 2007)); *accord Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011); *Palmetto Partners, L.P. v. AJW Qualified Partners, LLC*, 83 A.D.3d 804, 806, 921 N.Y.S.2d 260, 264 (2d Dept. 2011).

### 1. The Identification of the Contract & its Provisions

The Defendant asserts that the proposed amendment to the SAC to plead that the Purchase Orders, *see* DE 15-7, constitute the contractual agreement between the parties is improper and constitutes undue delay. The Plaintiffs counter that the Defendant suffered no prejudice nor was there any undue delay as this case is still in its infancy.

While "[d]elay in seeking leave to amend a pleading is generally not, in and of itself, a reason to deny a motion to amend, … the Court may deny a motion to amend when the movant knew or should have known the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay[.]" *Berman v. Parco*, 986 F. Supp. 195, 217 (S.D.N.Y. 1997) (quoting 1 M. Silberberg, *Civil Practice in the Southern District of New York* § 6.26).

The Plaintiffs now definitively assert, for the first time in this action, that the contract at issue is the Purchase Orders. *See, e.g.*, DE 15-1 at 4; DE 15-4 ¶ 23; DE 25 at 9, 10, 13, 15. The Plaintiffs have presumably known about the Purchase Orders since they commenced this case in New York State court as they referenced the Purchase Orders in both the original complaint and the FAC. *See, e.g.*, DE 1-2 at ¶ 15 ("Through Purchase Order dated November 19, 2015, EASTERN placed an order with MITSUBISHI for composite panels compliant with the specifications issued by the Project Architect to be used for a larger scale Visual Mock Up as

7

requested by the Project Architect. (Purchase Order Annexed hereto and incorporated herewith as Exhibit C)"). Yet, prior to the SAC, the Plaintiffs failed to specifically plead that the contract-at-issue is the Purchase Orders. *See* Order at 11-12 ("The Plaintiffs' complaint does include vague references to multiple agreements, as there are hundreds of pages of agreements attached to the complaint. However, in the complaint there is no specific connection between any of the hundreds of pages of contracts and the Plaintiffs' allegations against the Defendant.").

However, the Plaintiffs' failure to plead the contract-at-issue prior to the SAC does not preclude the Court's ability to allow the proposed amendments. As the Plaintiffs mention in their briefing papers, the cases that the Defendant cites in support of its delay argument concern cases in vastly different procedural postures than the instant case. *See Bymoen v. Herzog, Heine, Geduld, Inc.*, No. 88 Civ. 1796, 1991 WL 95387 (S.D.N.Y. May 28, 1991) (seeking to amend a complaint *after the completion of discovery and during summary judgment briefing*); *Reisner v. GM Corp.*, 511 F. Supp. 1167, 1172 (S.D.N.Y. 1981) (seeking to amend a complaint regarding a *five year old case after the completion of discovery*); *DISH Network L.L.C. v. World Cable Inc.*, 893 F. Supp. 2d 452, 461-62 (E.D.N.Y. 2012) (Spatt, J.) (looking to amend a complaint in response to the defendants' motion to dismiss). In contrast, this case is approximately one year old, the parties have not yet undertaken discovery and dispositive motions have not yet been filed.

This Court declines to find that an amendment at such an early time constitutes undue delay or prejudice. *Commander Oil Corp. v. Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir. 2000) (affirming grant of motion to amend the defendant's answer after seven-year delay, where defendant did not show prejudice); *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay ... absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." (internal citations omitted)).

The Defendant further contends that the proposed amendments to the SAC are futile as the SAC fails to identify any provision of a contract that the Defendant potentially violated. The Court disagrees.

In the SAC, the Plaintiffs specifically identify the Purchase Orders as the contract-at-issue for the breach of contract claim. They allege that the Defendant breached the contract when the Defendant failed "to provide goods and materials that were conforming, acceptable, and in accordance with the specifications contained in the June 1, 2016 Purchase Orders[.]" SAC ¶ 97; *accord id*. ¶¶ 98-106. The SAC details the relevant provisions of the Purchase Orders that were allegedly breached and it contains relevant factual allegations to support such claims.

The Defendant also alleges that the Plaintiffs' allegations "do not refer or relate to [the Purchase Orders]," but rather to a variety of other agreements with third parties. *See* DE 20 at 11-13. The SAC clearly does refer to agreements other than the Purchase Orders. However, the Plaintiffs have limited their breach of contract claim to breaches of the Purchase Orders. While other agreements may be relevant to the claim, *only* the failure to comply with the terms of the Purchase Orders constitutes a breach of contract claim. In the Court's view, the Plaintiffs' identification of the contract-at-issue as well as the specific provisions upon which the claim is based is legally sufficient. *See Stadt v. Fox News Network LLC*, 719 F. Supp. 2d 312, 318 (S.D.N.Y. 2010) ("The [plaintiff] must allege the specific provisions of the contract upon which the breach of contract is based. A claim for breach of contract cannot be sustained simply by a conclusory statement that the accused breached a contract.").

Further, the Court finds that the remainder of the Defendant's contentions regarding the contract claim are premature at the current stage. Accepting the Plaintiffs' allegations in the SAC as true, and drawing all reasonable inferences in their favor, the Court finds that the Plaintiffs have

satisfied the liberal pleading standard and has adequately pled that the Defendant breached the contract-at-issue. As such, the Court finds that the proposed changes to the breach of contract claim in the SAC are not futile.

### 2. Consequential Damages

The Defendant further claims that the Plaintiffs' consequential damages claim under its breach of contract claim is deficient because the pleading lacks any factual basis. In opposition, the Plaintiffs contend that they sufficiently pled that the Defendant's breach caused foreseeable damage, including "lost operational expenses due to underutilization of plant and operational capacities; extended project specific overhead expenses; costs associated with repeated production stops and re-starts and including; labor, equipment, and safety coordination costs and other expenses resulting from out of sequence work and demobilization and remobilization; engineering and labor replacement costs; material costs; project schedule recovery and damage mitigation costs." SAC ¶ 75.

In a breach of contract action, a plaintiff may seek two types of damages: (a) general damages to compensate the plaintiff based on the value of the performance that was promised in the contract; and (b) consequential damages, which provide additional compensation. *Lorena Intern. N. Am., Inc. v. Vican Trading*, No. 08-CV-2686, 2009 WL 1940428, at *3 (E.D.N.Y. July 2, 2009) (citing *Schonfeld v. Hilliard*, 218 F.3d 164, 175 (2d Cir. 2000)). Under New York law, a claim of consequential damages must prove that (1) the damages were foreseeable; (2) both parties contemplated such damages when the contract was made; and (3) such damages can be quantified with reasonable certainty. *Id.* (citing *Tractebel Energy Mktg. v. AEP Power Mktg.*, 487 F.3d 89, 111 (2d Cir. 2007) (internal citations omitted)).

The parties dispute whether the Defendant contemplated such damages at the time of the contract. As previously stated in the Order, "[i]n order to determine what damages are reasonably contemplated by the parties, 'the nature, purpose and particular circumstances of the contract known by the parties should be considered . . . as well as what liability the defendant fairly may be supposed to have assumed consciously, or to have warranted the plaintiff reasonably to suppose that it assumed, when the contract was made.'" *Lava Trading Inc. v. Hartford Fire Ins. Co.*, 326 F. Supp. 2d 434, 440 (S.D.N.Y. 2004) (quoting *Kenford Co. v. County of Erie*, 73 N.Y.2d 312, 319, 537 N.E.2d 176 (N.Y. 1989)). Without an express contractual provision that addresses consequential damages, "the commonsense rule to apply is to consider what the parties would have concluded had they considered the subject." *Id.* (citing *Kenford*, 73 N.Y.2d at 320, 537 N.E.2d 176).

In the instant case, there is no specific contractual provision in the Purchase Orders that addresses or purports to address consequential damages. The Court must therefore determine whether the parties understood at the time the contract was executed, that the Defendant was legally responsible for consequential damages in the event of a breach. *See id.*

The SAC alleges, among other things, that "[a]t the time when EASTERN and MITSUBISH [*sic*] entered into the contract, MITSUBISHI was aware, from its discussions with EASTERN, from its actual knowledge of ISLAND's construction schedule obligations, and from its years in the industry, that it would be responsible for the consequential damages that ISLAND and EASTERN would suffer in the event of MITSUBISHI's breach." SAC ¶ 34.

As courts in this Circuit have noted, "consequential damages are recoverable if the defendant knows or has reason to know the special circumstances which will give rise to such damages." *Universidad De Las Californias, S.C. v. Mayfair Advisors, Ltd.*, No. 06 Civ. 5859,

11

2007 WL 2591228, at *2 (S.D.N.Y. Sept. 7, 2007) (quoting *Compania Anonima Venezolana de Navegacion v. American Express Int'l Banking Corp.*, No. 84 Civ. 2047, 1985 WL 1898, at *3 (S.D.N.Y. July 12, 1985)). As the SAC alleges that the Defendant was "aware" that in the event of a breach, it would be responsible for consequential damages, and that the Defendant's breach caused the Plaintiffs to lose "in excess of $6,758,133.23," SAC ¶ 77, the Plaintiffs have satisfied the relevant pleading standard. While the Plaintiffs may ultimately be unable to prove their claim for consequential damages, the Court cannot conclude that the SAC "fails to allege any set of facts that would entitle [the Plaintiffs] to relief." *In re Sharp Intern. Corp.*, 403 F.3d 43, 49 (2d Cir. 2005) (internal citations omitted).

Therefore, the Court finds that the SAC adequately pleads a claim for consequential damages and declines to find the proposed amendments futile.

Accordingly, the Court grants the Plaintiffs' motion to amend as it relates to the breach of contract claim.

**D. The Breach of Warranty Claim**

The Defendant also contends that the Plaintiffs' complaint fails to state a plausible claim based on breach of express warranty. In particular, the Defendant asserts that (1) the complaint does not sufficiently identify a valid express warranty that was allegedly breached; and (2) the terms in which the Plaintiffs allegedly relied on were not breached.

A claim for breach of an express warranty under New York law alleges "(1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach." *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp. 3d 467, 482 (S.D.N.Y. 2014) (internal citations omitted).

12

In the SAC, the Plaintiffs allege that the Defendant breached a "Fluorocarbon Coating Warranty[,] Thirty Year," SAC, Ex. P, and attached a sample warranty to the SAC. The Defendant alleges that such an amendment is futile because the attached warranty is invalid. Mitsubishi claims that the warranty is void because of the watermark on it indicating that it is a sample, as well as the lack of customer information written into the document. At the motion to dismiss stage, the Court sees no reason why a sample agreement is insufficient to establish the existence of a material statement amounting to a warranty. *See generally Salon Fad v. L'Oreal USA, Inc.*, No. 10 Civ. 5063, 2011 WL 4089902, at *1-2 (S.D.N.Y. Sept. 14, 2011).

However, the SAC fails to allege that the warranty terms that the Plaintiffs cite were breached. Specifically, the Plaintiffs contend that Mitsubishi breached Sections A & B(1)-(2) of the warranty, which covers:

> A. Peel, check or crack except for such slight crazing or cracking as may occur on tightly roll-formed edges or brake bends at the time of forming pre-painted sheets, which is accepted as standard; or
>
> B. (1) Chalk in excess of a numerical rating of 8 measured in accordance with the standard procedures as outlined by the "Standard Methods of Evaluating Degree of Chalking of Exterior Paint" ASTM D4214-89; or
>
> (2) Fade or change in color in excess of 5 color difference units, using ASTM D2244-89 measured on the exposed painted surfaces which have been cleaned of external deposits and chalk and the corresponding values measured on the original or unexposed painted surfaces, it being understood that fading or color changes may not be uniform if the surface is not evenly exposed to the sun and elements;
>
> and that gloss (600 incident angle) loss will not exceed 40% when measure on exposed painted surfaces which have been cleaned of external deposits and the corresponding values measured on unexposed original painted surfaces. The gloss shall be measured using standard procedures as defined by "Standard Test Method for Specular Gloss", ASTM D523-89.

SAC, Ex. P at 1. An examination of the SAC reveals that, even in the light most favorable to the Plaintiffs, there are no facts that allege a breach of the pertinent sections of the warranty. Rather, the Plaintiffs claim that the panels were "inconsistent," "not consistent in color, finish, or quality,"

13

contained "significant and material differences," featured "a different gloss than that used in the samples," "differen[t] in the clear coat of the sheets," and contained "a 'Mica' basecoat paint, rather than the 'Metallic' basecoat paint specified in the Purchase Orders." SAC ¶¶ 50-55. There is no allegations that the coating peeled, checked or cracked, chalked, faded, changed in color in excess of 5 color difference units or that gloss loss exceeded 40%. *See* SAC. There are no facts that give rise to an inference that the warranty-at-issue was violated in any way.

The Court notes that the Defendant addresses the Plaintiffs' vague references to various implied warranties. As the Plaintiffs fail to address that argument, it is deemed waived. Any attempt by the Plaintiffs to amend the FAC to include a claim regarding implied warranties is considered futile by this Court.

Finally, the Plaintiffs allege for the first time in their reply brief, for the first time in this case, that in addition to the contract-based warranty claim, the Defendant violated Section 2-313 of the New York Uniform Commercial Code ("NYUCC"). *See* DE 25 at 20. NYUCC § 2-313 states, in pertinent part,

> Express warranties by the seller are created as follows:
>
> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
>
> (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

NYUCC § 2-313. The legal standard for a breach of express warranty is almost identical when applied in the sale-of-goods context, although express warranties are more narrowly defined, as detailed above. *See Goldemberg*, 8 F. Supp. 3d at 482.

Without citing the relevant contractual provision, or in this case, the provision of the NYUCC, there is insufficient information to validly allege a breach of express warranty pursuant to NYUCC § 2-313. *See Gelber v. Stryker Corp.*, 752 F. Supp. 2d 328, 335 (S.D.N.Y. 2010) ("Plaintiffs have failed to allege any affirmative statement made by Defendants regarding the safety or effectiveness of the product on which Plaintiffs actually relied. ... Therefore, the Court finds that [they are unable] to meet the Twombly pleading standard ...."); *Richman v. W.L. Gore & Assocs., Inc.*, 881 F. Supp. 895, 905 (S.D.N.Y. 1995) ("[P]laintiff fails to state what was expressly warranted by defendant ... Accordingly, plaintiff's express warranty claim is not adequately pleaded and should be dismissed.") *modified on other grounds*, 988 F. Supp. 753 (S.D.N.Y. 1997).

There is no reference to § 2-313 in the SAC. The sole mention of the NYUCC contained in the SAC alleges, in pertinent part, "[t]hat the defendant … breached express and implied warranties, including but not limited to the breach of implied warranties as to merchantability and fitness for a particular purpose as set out in the Uniform Commercial Code." SAC ¶ 118. This is insufficient to assert a viable cause of action. The Plaintiffs' vague mention of the Uniform Commercial Code is ambiguous and from what the Court can glean, unconnected to a § 2-313 claim. Attempting to piece together disparate factual allegations in the SAC that could conceivably makeup a § 2-313 violation without expressly informing the Court what the express warranty is fails to satisfy the applicable pleading standard.

Further, the Plaintiffs have never referred to a NYUCC violation in any of their prior complaints or other pleadings. All prior pleadings allege *contractually-based* express warranty claims and failed to allege that any *separate, NYUCC-based* express warranties were breached.

There was no attempt to assert such a claim prior to their reply brief. As such, the Plaintiffs' attempt to amend the FAC to add a NYUCC-based breach of warranty claim is denied as futile.

Accordingly, to the extent the Plaintiffs assert a claim for breach of warranty against the Defendant, the motion to amend that claim is denied as futile. The Plaintiffs' breach of warranty claim is hereby dismissed.

### III. CONCLUSION

For the reasons stated above, it is hereby:

**ORDERED**, that the Plaintiffs' motion to amend is granted to the extent that the Court accepts the SAC as it pertains to the breach of contract claim; and it is further

**ORDERED**, that the Plaintiffs' motion to amend is otherwise denied; and it is further

**ORDERED**, that the Plaintiffs' breach of warranty claim is hereby dismissed.

It is **SO ORDERED**:

Dated: Central Islip, New York

April 4, 2018

    __/s/ Arthur D. Spatt__

ARTHUR D. SPATT

United States District Judge